Mr. Randy Miller Executive Director Department of Revenue Carlton Building Tallahassee, Florida 32301
Dear Mr. Miller:
This is in response to your request for an opinion on substantially the following question:
 DOES THE BOARD OF COUNTY COMMISSIONERS, AS THE REGULATORY BODY FOR WATER AND SEWER UTILITIES IN CHARLOTTE COUNTY, HAVE ACCESS TO INFORMATION SUBMITTED WITH TAXPAYERS PERSONAL PROPERTY TAX RETURNS AND SUPPORTING SCHEDULES UNDER s 193.074, F.S.?
The request and supplemental letter from the Charlotte County Property Appraiser state that the Board of County Commissioners of Charlotte County is the regulatory body for water and sewer utilities in the county pursuant to s 367.171(3), F.S., which excludes that county from the provisions of Ch. 367 and from regulation by the Public Service Commission of utilities, such utilities being regulated by the county itself.
Section 193.074, F.S., titled `Confidentiality of returns' provides that:
 All returns of property submitted by the taxpayer pursuant to law shall be deemed to be confidential in the hands of the property appraiser, the department, the tax collector, and the Auditor General, except upon court order or order of an administrative body having quasi-judicial powers in ad valorem tax matters.
In order to determine whether the official custodians of confidential property tax returns are authorized to release such information to the Board of County Commissioners of Charlotte County, absent a court order, it will be necessary to determine whether the board constitutes `an administrative body having quasi-judicial powers in ad valorem tax matters.' The term `quasi-judicial' has been broadly defined as:
 A term applied to the action, discretion, etc., of public administrative officers, who are required to investigate facts, or ascertain the existence of facts, and draw conclusions from them, as a basis for their official action, and to exercise discretion of a judicial nature. Black's Law Dictionary 1411 (4th ed. 1968).
See generally, 35A Words and Phrases Quasi-Judicial, and 50 C.J.S. Judicial pp. 562-563.
 No provision of s 367.171, F.S., which you cite as authority for utility regulation by the county commissioners, gives the board any quasi-judicial powers regarding ad valorem tax assessments or classifications or exemptions from ad valorem taxes. Nor does the board have any authority to enter or enforce any orders in or concerning ad valorem tax matters as against the property appraiser, the Department of Revenue, the tax collector or the Auditor General. Therefore, the board of county commissioners does not fall within the exceptions from confidentiality prescribed by s 193.074, F.S., and that section does not authorize access to the confidential returns by the board or authorize the designated custodians of such returns to release any information contained in such returns to the board for its use for any purpose, except upon court order.
 Therefore, I am of the opinion that the Board of County Commissioners of Charlotte County, as the regulatory body for water and sewer utilities in Charlotte County pursuant to s 367.171, F.S., is not excepted from the confidentiality requirements for all returns of property submitted by taxpayers pursuant to s 193.074, F.S. In addition, it my opinion that s 193.074, F.S., operates to prohibit the designated official custodians of such property tax returns from releasing any information contained in such returns to any other agency or officer except upon court order or order of an administrative body having quasi-judicial powers in ad valorem tax matters, such as the property appraisal adjustment boards provided for in Part I, Ch. 194, F.S.
Sincerely,
Jim Smith, Attorney General
Prepared by: Gerry Hammond, Assistant Attorney General